UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID KATOULA, et al.,

       Plaintiffs,

v                                         Case No. 12-cv-13335
                                         Hon. Gershwin A. Drain

DETROIT ENTERTAINMENT LLC,
d/b/a MOTOR CITY CASINO, a Michigan
limited liability company,

       Defendant.
_____/

ORDER GRANTING MOTION TO DISMISS [#3] WITHOUT PREJUDICE AND
CANCELLING HEARING

I.      Introduction

On July 30, 2012, Plaintiffs, David and Nahla Katoula, filed the instant action pursuant to the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C.§ 2601 *et seq.* Plaintiffs claim that Defendant, Detroit Entertainment LLC, d/b/a MotorCity Casino, violated Plaintiff David Katoula's FMLA rights when he was terminated from his employment on August 8, 2009.

In lieu of Answer, Defendant filed the instant Motion to Dismiss arguing that Plaintiffs' Complaint fails to state a claim that MotorCity willfully violated the FMLA, thus Plaintiffs' Complaint is untimely under the general two-year statute of limitations applicable to FMLA claims. *See* 29 U.S.C.§ 2617(c)(1).  Plaintiffs filed a Response in Opposition on October 26, 2012, and Defendant filed a Reply in Support of its Motion to Dismiss on November 5, 2012.  The Court finds that the parties have adequately presented the facts and legal arguments in support of their respective positions such that oral argument will not

aid in the resolution of this matter. Thus, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted.

II.    Factual Background

Plaintiff, David Katoula, was hired by MotorCity in November of 1999 as a dealer. Compl., ¶¶ 1, 5. Plaintiff received a series of promotions over the years, and last held the position of Floor Supervisor. Compl., ¶ 5. Prior to July 31, 2009, Plaintiff was approved for leave to care for his mother's medical needs under the FMLA. Compl., ¶ 6. On July 31, 2009, Plaintiff was scheduled to take his mother to a doctor's appointment. Compl., ¶ 7. Before the Plaintiff could call in to work to report that he was taking leave under the FMLA for the purpose of driving his mother to a medical appointment, he discovered that his car was stolen. *Id.*

Plaintiff called in to work and indicated that he was going to take his mother to her doctor's appointment and that his car had been stolen. Compl., ¶ 8. He advised that he would be taking his mother to her appointment after he "deal[t] with the issue of his stolen vehicle." *Id.* Plaintiff waited to make a police report, and because of the delay in doing so, he went to work without taking his mother to her doctor's appointment. Compl., ¶ 9. When Plaintiff arrived at work, he informed his supervisor, Scott Romano, to indicate on the appropriate form that he was absent from work due to an FMLA-approved situation. Compl., ¶ 10. While Plaintiff informed Romano that he was late due to an FMLA-approved leave, he also indicated to Romano that another reason he was late was due to his car being stolen. Compl., ¶ 11. On August 8, 2009, Plaintiff was terminated from his employment for knowingly making false statements. Compl., ¶ 12. Plaintiffs filed the instant action on July 30, 2012 raising one claim for violation of the FMLA, and a claim for

loss of consortium as to Plaintiff Nahla Katoula.

III.    Law & Analysis

A.    Standard of Review

Federal Rule of Civil Procedure12(b)(6) allows the court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6).  "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true."  *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic*, 550 U.S. at 555).

The court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims.  To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.*  (citations and quotations omitted).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid  of 'further factual enhancement.'"  *Id.*  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief

that is plausible on its face.'" *Id.*  The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'– 'that the pleader is entitled to relief.'" *Id.* at 679.

    B.    <u>FMLA</u>

    Defendant moves to dismiss Plaintiffs' Complaint because it was filed more than two years after Plaintiffs' FMLA claim accrued.  Under the FMLA, the standard limitations period is two years from the date of the alleged violation.  *See* 29 U.S.C. § 2617(c)(1).  However, where an employer willfully violates the FMLA, the limitations period is three years.  *See* 29 U.S.C. § 2617(c)(2).  "A willful violation is shown when an employer knew or showed reckless disregard regarding whether its conduct was prohibited." *Williams v. Northwest Airlines, Inc.*, 53 Fed. A'ppx 350, 352 (6th Cir. 2002).  Here, Plaintiff David Katoula was terminated from his employment on August 8, 2009 and this action was filed on July 30, 2012, or more than two years from the date of the alleged violation.  Thus, it is Plaintiffs' burden to establish that Defendant willfully violated the FMLA so that their FMLA claim is not time-barred under § 2617(c)(1). *Hoffman v. Professional Med Team*, 394 F.3d 414, 415 (6th Cir. 2005).

    Defendant contends that Plaintiffs' bare assertion of willfulness does not comport with *Bell Atlantic, supra*, and *Iqbal, supra* because there are no facts alleged that plausibly state a claim for willfulness.  Defendant relies on *HDC v. City of Ann Arbor*, 675 F.3d 608, 614 (6th Cir. 2012), where the United States Court of Appeals for the Sixth Circuit affirmed the district court's Rule 12(c) dismissal based on the plaintiffs failure to sufficiently allege discriminatory animus in support of their interference claim under the Fair Housing Act. *Id.*

-4-

at 613-14.  In so concluding, the *HDC* court noted that "[t]he developers' vague and conclusory allegations that Ann Arbor acted with 'a discriminatory intent, purpose, and motivation' to prevent handicapped people from living on the property do not transform the developers' otherwise insufficient factual pleadings into allegations that plausibly support an inference of discriminatory animus." *Id.* at 614.  Further, the *HDC* court held that, "[i]ndeed, our Circuit has made clear that 'a legal conclusion couched as a factual allegation' need not be accepted as true on a motion to dismiss . . . ." *Id.*  Defendant maintains that Plaintiffs' bare allegation that "[t]he Defendant's illegal actions, . . . were willful, intentional and malicious and were in reckless indifference to the Plaintiff's federally protected rights under the FMLA[,]" are insufficient to state a claim for wilfulness.  Thus, Defendant argues that Plaintiffs' Complaint is untimely under the FMLA's two year statute of limitations.

Plaintiffs counter that the allegations set forth in the Complaint state a plausible claim for willfulness, thus the Complaint is timely under 29 U.S.C. § 2617(c)(2) (in the case of a willful violation of the FMLA, "such action may brought within 3 years of the date of the last event constituting the alleged violation . . . .").  Plaintiffs argue that David Katoula called in to work and reported to Defendant that he was going to take his mother to her doctor's appointment and that his car had been stolen.  When Plaintiff arrived at work, he told Romano that he was late because his car was stolen, and before it was stolen, he intended to take his mother to the doctor.  Contrary to the allegations set forth in the Complaint, Plaintiffs now claim that Romano told Plaintiff to indicate on the appropriate form that he was late because of FMLA leave, even though Romano knew otherwise.

Plaintiffs' new factual allegations, even if contained in the Complaint, do not save

-5-

this untimely FMLA retaliation claim from dismissal. Here, there are simply no facts suggesting that Defendant knew its termination of Plaintiff violated the FMLA or that it acted with reckless disregard of whether it was violating the FMLA by terminating Plaintiff's employment. The Complaint alleges that Plaintiff's FMLA leave had been granted for instances when he needed to care for his mother, and Plaintiff knew when he arrived at work on July 30, 2009 that he had not performed any caretaker duties for his mother on that date, yet he reported to his employer that he was late due to FMLA leave. These allegations do not state a plausible claim that Defendant knew it was violating the FMLA or acted with reckless disregard as to whether the Act was violated. Mere negligence or a mistake is insufficient to prove willful misconduct. *Coffman v. Ford Motor Co.*, 719 F.Supp. 2d 856, 868 (W.D. Mich. 2010). There are no facts upon which this Court can infer that Defendant knowingly violated the FMLA when it terminated Plaintiff David Katoula for making a false statement. Nor can the Court infer that Defendant acted with reckless disregard in concluding that it was well within its right to terminate Plaintiff based on his false statement. Plaintiffs' FMLA claim is therefore untimely because it was filed more than two years from the date the claim accrued.

Based upon the Court's conclusion that Plaintiffs' FMLA claim is untimely, the loss of consortium claim fails as a matter of law. "A claim for loss of consortium is derivative and recovery is contingent upon the injured spouse's recovery of damages for the injury." *Berryman v. K-Mart Corp.*, 193 Mich. App. 88, 483 N.W.2d 778 (Mich. Ct. App. 1992); *see also Cookenmaster v. Kmart*, No. 07-13947, 2008 WL 4539385, *18 (E.D. Mich. Oct. 7, 2008).

-6-

IV.    Conclusion

For the reasons stated above, Defendant's Motion to Dismiss [#3] is GRANTED without prejudice.   The Court will allow Plaintiffs an opportunity to file an Amended Complaint alleging particular facts that will permit the Court to draw the reasonable inference that Defendant, in terminating Plaintiff David Katoula, knew it was violating the FMLA or acted with reckless disregard that its actions violated the FMLA.  *See EEOC v. Ohio Edison Co.*, 7 F.3d 541, 546 (6th Cir. 1993) (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991)) ("where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action without prejudice.")

Accordingly, Plaintiffs shall file their Amended Complaint no later than December 17, 2012.  Failure to file an Amended Complaint by December 17, 2012 will result in dismissal of the Complaint with prejudice and the entry of judgment in favor of Defendant.

SO ORDERED.


Dated: December 6, 2012                          s/Gershwin A. Drain
                                                 GERSHWIN A. DRAIN
                                                 United States District Judge

**CERTIFICATE OF SERVICE**


      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 6, 2012.


                                     s/Tanya Bankston
                                     TANYA BANKSTON
                                     Case Manager